NOT FOR PUBLICATION                                    FEB 23 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY A. BURTON, | No. 10-15668 |
| Petitioner - Appellant, | D.C. No. 1:09-cv-00354-JLT |
| v. | |
| ADAMS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge,[**] Presiding

Submitted February 15, 2011[***]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Jerry A. Burton appeals pro se from the district

court's dismissal of his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    This case was assigned, by the consent of the parties, to a Magistrate
Judge, pursuant to 28 U.S.C. § 636(c)(1).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 2253,[1] and we affirm.

Burton contends that the prison disciplinary decision validating him as a gang member and subsequently placing him in the Segregated Housing Unit (SHU) and precluding him from earning credits pursuant to California Penal Code § 2933 violated his constitutional rights. The district court properly dismissed Burton's petition for lack of jurisdiction. Even if Burton exhausted his state judicial remedies, his petition fails to raise a federally cognizable claim for which habeas relief may be granted. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

**AFFIRMED.**

---

[1]We certify for appeal, on our own motion, the issue of whether Burton's habeas petition (1) was exhausted and (2) raised a federally cognizable claim for which habeas relief may be granted.